United States District Court
Southern District of Texas

**ENTERED**

June 16, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ERNESTO ALONZO RAMIREZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:25-CV-167 |
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |

**REPORT AND RECOMMENDATION
OFTHE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Application to Proceed *in forma pauperis*. (Dkt. No. 6). Based on the reasons below, the Undersigned **RECOMMENDS** Plaintiff's Application to Proceed *in forma pauperis* be **DENIED** and his case be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(A).

**I. BACKGROUND**

On November 14, 2025, Plaintiff filed his first Application to Proceed *in forma pauperis* ("IFP application"). (Dkt. No. 6). However, the Court ordered Plaintiff to re-file his IFP application by December 18, 2025, as it did not include a copy of his trust fund account that had been certified by an appropriate prison official. (Dkt. No. 9).

On December 18, 2025, Plaintiff filed a Motion for Appointment of Counsel, which also included a copy of his trust fund account statement. (Dkt. No. 11). However, because the copy provided had not been certified by an appropriate prison official, the Undersigned extended Plaintiff's deadline to file a certified copy to January 23, 2026. (Dkt. No. 12).

Plaintiff filed a certified copy of his trust fund account statement on January 23, 2026. (Dkt. No. 14-1). However, the Court discovered a discrepancy between the representations made in his IFP application and the information reflected in his trust fund account statement. (Dkt. No. 15 at 1–2). In particular, Plaintiff declared that the sum total he possesses in cash or in a checking or savings accounts was $0.02. (Dkt. No. 6 at 2) and that he received no

income from the following sources, in the past twelve months:

- Business, profession, or other self-employment

- Rent payments, interest, or dividends

- Pension, annuity, or life insurance payments

- Disability, or worker's compensation payments

- Gifts or inheritances

- Any other sources

(*Id.* at 1). However, Plaintiff's trust fund account statement showed he received several deposits in amounts ranging from $20 to $125, several times a month. (*See* Dkt. No. 14-1). Thus, on January 27, 2026, the Court ordered Plaintiff to file an advisory explaining the discrepancy by February 27, 2026. (Dkt. No. 15 at 2). The Court also advised Plaintiff that failure to comply with the order would result in a recommendation that the case be dismissed for want of prosecution under Federal Rule of Civil Procedure 41(b). (*Id.*). Plaintiff filed an advisory on February 19, 2026, explaining that these payments were gifts of money from his family (Dkt. Nos. 20 at 2). On March 5, 2026, Plaintiff paid the filing fee. (*See* Docket Entry Dated March 5, 2026).

## II. LEGAL STANDARD

District courts have the authority and discretion to investigate allegations of poverty. *Bucklew v. Bonham*, No. 3:19-CV-435-N-BH, 2022 WL 869686, at *3 (N.D. Tex. Feb. 9, 2022). Courts must dismiss a case if "the contents of an IFP application are false, even if the litigant would still qualify as a pauper." *Id.* (first citing *Lay v. Justices-Middle District Court*, 811 F.2d 285, 286 (5th Cir. 1986); and then *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016)). Even after a filing fee is paid, dismissal is mandatory if the court then determines the contents of the IFP application are false. See *Nottingham*, 837 F.3d at

441 (quoting 28 U.S.C. § 1915(e)(2)(A) ("A district court retains the authority to conduct reasonable investigations into the allegation of poverty even after the filing fee payment.")

## III. DISCUSSION

The Court issued two orders requiring Plaintiff to provide a certified copy of his trust fund account. (Dkt. Nos. 9, 12). Once Plaintiff filed a certified copy of his trust fund account, the Court discovered a discrepancy between the information provided in his IFP application and what was reflected in his trust fund account statement. Accordingly, the Court ordered Plaintiff to file an advisory addressing the discrepancy. (Dkt. No. 15).

Plaintiff's response that he receives gifts of money from his family directly contradicts his statements concerning gifts in his application. (Dkt. Nos. 20 at 2; 6 at 1). Because the statement in his application concerning gifts was false, the Court is obligated to dismiss the case, regardless of the fact he subsequently paid the filing fee. *See Nottingham*, 837 F.3d at 441.

## IV. RECOMMENDATION

Because of the false information contained within Plaintiff's application, the Undersigned **RECOMMENDS** Plaintiff's IFP application, (Dkt. No. 6), be **DENIED** and this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(A).

The Clerk of Court is **DIRECTED** to send a copy of this Report and Recommendation via certified mail to Plaintiff at the address on file.

## V. NOTICE TO THE PARTIES

Within **FOURTEEN (14) DAYS** after being served with a copy of the Report and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).

**SIGNED** on June 16, 2026.

Brian C. Bajew
United States Magistrate  Judge